PER CURIAM.
The appellants, two homeowner members of the Mirror Lakes Homeowners Association, Inc., sued the Association, its Board of Directors (Board), and the individual directors for declaratory relief, claiming that the Board acted contrary to the Declaration of Covenants and Restrictions (Declaration) by amending it without first obtaining the affirmative vote of three-fourths of the members. The amendment eliminated the right of new homeowners to own household pets, but grandfathered in current owners. We reverse the partial summary judgment entered in favor of appellees.
This case involves the construction and reconciliation of two provisions in the Declaration. The appellees rely on Article XI, which is entitled “Right to Modify or Cancel.” This Article states:
Developer specifically reserves for itself, its successors and assigns and to the Association the absolute and unconditional right to alter, modify, change, revoke, rescind or cancel any or all of the restrictive covenants contained in this Declaration or hereinafter included in any subsequent Declaration.
On the other hand, the homeowners rely on Article XIII, Section 2, entitled “General Provisions,” with Section 2 subtitled “Amendment.” That section provides, in pertinent part:
This Declaration may be amended at any time and from time to time upon the execution and recordation of an instrument executed by Owners holding not less than three-fourths (%) of the voting interests of the membership....
(Emphasis in original).
Appellees assert that Article XI should control because it applies specifically to “any or all of the restrictive covenants contained in this Declaration-” By contrast, Article XIII, Section 2 refers generally to all amendments of the Declaration. Therefore, say appellees, these two provisions should be read to allow the “Association,” acting through its board of directors, to unilaterally amend the restrictive covenants, while other changes to the Declaration would require a three-fourths vote of the members.
The homeowners take the position that Article XI merely gives notice of the substantive right to amend the Declaration but does not explain how that right is to be effected, whereas Article XIII, Section 2 details the procedures to be followed when invoking the right to amend. They also note that Article XIII provides for the recording of amendments and Article XI does not. They assert that it would be illogical to allow the Board to “alter, modify, change, revoke, rescind or cancel” the restrictive covenants without having to record such changes, since the purpose of the recording requirement is to notify all affected parties of any restrictions on the property in question.
We believe the homeowners’ position to be the most reasonable. Article YII of the Declaration contains an extensive listing of the “General Covenants and Restrictions” for the Mirror Lakes development. Article XIII, entitled “General Provisions,” provides that all of these covenants “shall run with and bind the land,” and that any amendments shall be by a three-fourths vote and shall be recorded. These covenants and restrictions form the heart of the Declaration, the common agreement of the Mirror Lakes homeowners to live together under a uniform and agreed set of rules. That being the case, we do not believe it would be logical to provide for the amendment of the largely procedural portions of the Declaration by a three-fourths vote, but exempt changes to the more substantive provisions from such a vote. Without an unambiguous provision to that effect, we will not construe the Declaration in such an illogical fashion.
It is not entirely clear what the drafters had in mind here. The Declaration was originally drafted by the developer who apparently sought to retain as much power as possible over the Declaration. However, it is apparent that the Declaration must *12 be amended in order to change the general and restrictive covenants contained therein. While it may appear simplistic, we find that the Declaration provides only one method of amendment. That one method is contained in Article XIII, Section 2. Had the drafter intended the Board possess the right to amend Article VII, logically such a right would also have been contained within this section.
Accordingly, we reverse and remand for further proceedings consistent herewith.
ANSTEAD and DELL, JJ., and WALDEN, JAMES H., Senior Judge, concur.